**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Entitled Action Pending in U.S.D.C. Central District of California**
**Case No.: 8:14-CV-01664-JVS**

| | |
|---|---|
| TRENDSETTAH USA, INC., and TREND SETTAH, INC. | Misc. Case No. |
| Plaintiffs, | |
| v. | |
| SWISHER INTERNATIONAL, INC., | |
| Defendant. | |

**SWISHER INTERNATIONAL INC.'S MOTION TO COMPEL NON-PARTY IST BRANDS INC. TO COMPLY WITH A SUBPOENA TO PRODUCE DOCUMENTS PURSUANT TO FED. R. CIV. P. 45**

Pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure and Local Rule 26.1(g) of the Local Rules of the United States District Court for the Southern District of Florida, Swisher International, Inc. ("Swisher"), defendant in *Trendsettah USA, Inc.* v. *Swisher International, Inc.*, Case No. 1:18-CV-01664, pending in the United States District Court for the Central District of California (the "Action"), by and through its undersigned counsel, hereby move for an order compelling non-party IST Brands Inc. ("IST") to comply with Swisher's subpoena for the production of documents ("Subpoena").

## I.      INTRODUCTION

Despite Swisher's good faith efforts to secure documents relevant to the Action without the Court's intervention, IST's President and Registered Agent, Mr. Jason Garrido, has unequivocally stated through his counsel that IST will not produce any documents absent a court order.  IST has not served any written objections or responses to the Subpoena and the deadline to do so has passed.  Nor could there be any valid objections, as Mr. Garrido's counsel confirmed that she is in possession of documents responsive to Swisher's Subpoena and it would not be burdensome to produce them to Swisher.  Instead, the sole explanation Mr. Garrido has offered for IST's wholesale refusal to comply with the Subpoena is that IST's owner—who is also the founder of Trendsettah USA, Inc. and Trend Settah, Inc. (collectively, "TSI"), the plaintiffs in the Action— may hold Mr. Garrido liable for producing documents unfavorable to him and TSI.  No authority permits IST to circumvent its legal obligations on that basis.  Accordingly, Swisher requests that the Court order IST to locate and produce all responsive documents in its possession, custody and control by no later than ten (10) days from the Court's order.

## II.      BACKGROUND

### A.      The Action Giving Rise to the Subpoenas

In October 2014, TSI initiated the Action against Swisher, alleging that it lost millions of dollars in "lost profits" on its cigarillo business as a result of Swisher's alleged breach of the parties' supply agreement and purported anticompetitive conduct.  Declaration of Minae Yu, Ex. A ¶¶ 7, 65.  In 2016, TSI prevailed at trial and secured a trebled damages award of $44.4 million based on its claimed lost past and future profits.  *Id.*, Ex. B at 14.  Years later, while the case was on appeal, Swisher learned that TSI's trial victory was the result of a fraud perpetrated on the court, the jury and Swisher.  TSI never had any profits on its cigarillos, but instead, sustained its business through an illegal scheme to evade taxes on its cigarillos imported from the Dominican Republic.

The truth began to emerge in April 2019 when a criminal indictment in *USA v. Akrum Alrahib*, Case No.Case No. 1:19-cr-20165, pending in the Southern District of Florida ("Alrahib Tax Evasion Case"), was unsealed charging Mr. Alkrum Alrahib with criminal tax evasion. *Id.* ¶ 5, Ex. B at 3. Mr. Alrahib is the founder and chief executive officer, and oversaw the day-to-day operations, of TSI and is one of the principals/shareholders of TSI. *Id.*, Ex. B at 3. He is also the owner of IST and was its President, VP and Secretary before Mr. Garrido took over those positions. *Id.*, Ex. F at 3, Ex. I, Ex. H.

According to the indictment in the Alrahib Tax Evasion Case, starting in April 2013 and continuing to end of 2014, Mr. Alrahib conspired with TSI's importer, Mr. Tony Bryant of Havana 59, to evade the hefty federal excise tax of 52.75% on TSI's cigarillos imported from the Dominican Republic. Yu Decl., Ex. B at 3. The charges in the indictment are not mere allegations, as Mr. Alrahib confessed during a voluntary video-recorded interview conducted by Internal Revenue Service and Alcohol and Tobacco Tax and Trade Bureau agents in May 2017 (the "Interview") that he participated in *four* separate tax evasion schemes involving at least *five* different co-conspirators. *Id.*, Ex. B at 4, Ex. J at 3. Excerpts of the transcript of the Interview that have been made public in the Alrahib Tax Evasion Case provided a detailed account of Mr. Alrahib's scheme with Mr. Bryant. *Id.*, Ex. B at 4-7. According to Mr. Alrahib, Mr. Bryant invoiced TSI for a fraction of the taxes due on TSI's cigarillos, TSI paid the sham invoices, and Havana 59 kicked-back about 40% of that amount to TSI. *Id.* Mr. Bryant pocketed some of the remaining money for himself and remitted the rest to the government, fraudulently underreporting and significantly evading the taxes lawfully due on TSI's imported cigarillos. *Id.* In reality, TSI and Havana 59 never engaged in any real economic transactions at all. When the government agents asked Mr. Alrahib to confirm that "Tony [Bryant] never charged ***Trendsettah, being you***, enough money to cover the actual cost of the product," Mr. Alrahib stated, "No. Of course not. ***It was all a game***." *Id.* at 6 (emphasis added). As a result of this fraudulent scheme, TSI illegally secured its products at far cheaper prices and received free machinery for use in manufacturing TSI cigarillos and payroll payments as illegal kickbacks, all of which fraudulently inflated TSI's profits. *Id.* at 12-13. Indeed, as Mr. Alrahib confessed, TSI could not have imported and sold its cigarillos in the U.S. "if everything was crystal clear, and all the taxes were paid, all the federal taxes were paid properly to come into the U.S." *Id.*, Ex. C at 9.

TSI concealed the tax evasion scheme through numerous acts of misconduct throughout the Action and presented to the court and the jury a sham theory of injury and damages based on illegal profits flowing from the tax evasion scheme.  Yu Decl. Ex. B at 14.  Specifically, TSI's expert witness, Dr. Deforest McDuff, testified, based on the profit margins on TSI's tax-evaded cigarillos, that TSI suffered lost profits of $9 million between 2012 and 2015.  *Id.*  Dr. McDuff further testified that TSI suffered lost profits of nearly $6 million from future sales, *id*., which covered the period extending into 2019 and beyond, Yu Decl., Ex. N ¶¶ 9, 44-45.  The jury awarded TSI the exact amounts of lost profits computed by TSI's expert based on its artificially and unlawfully inflated profits.  Yu Decl., Ex. B at 14.  When excise taxes are properly accounted for, TSI's claimed "profits" between 2012 and 2015 turn into losses of $6 million and its claimed future profits turn into losses of $19 million, undermining TSI's entire theory of injury and damages.  *Id.*, Ex. B at 13, Ex. C at 10, Ex. N ¶ 45.

On July 22, 2019, Swisher moved for relief from TSI's fraudulently secured judgment.  Yu Decl. ¶ 3.  On August 19, 2019, the court granted Swisher's motion and ordered a new trial, finding that "TSI's conduct tainted the integrity of the trial and interfered with the judicial process, and the judgment must be set aside."  *Id.*, Ex. B at 14.  In so holding, the court found that Mr. Alrahib's tax evasion was not only relevant, but material to the Action.  Among other things, the court held that "[b]ecause Mr. Alrahib's criminal conduct distorted Trendsettah's costs, prices, demand and profitability, there is no competent, non-speculative evidence to show that there was any injury or the extent of damages caused by Swisher's conduct."  *Id.*, Ex. C at 9-10; *see also id*., Ex. B at 12-14.  The court also noted that Mr. Alrahib's "credibility was a central issue at trial," as he was TSI's first witness, and offered testimony regarding nearly every element of TSI's claims.  *Id*. Ex. B at 13.

Facts concerning the full extent and scope of Mr. Alrahib's criminal activities are continuing to evolve.  According to the government, Mr. Alrahib's illegal tax evasion extends beyond the time period covered by the indictment in the Alrahib Tax Evasion Case.  Shortly after 2015 when Mr. Bryant "got in trouble with the federal government," Mr. Alrahib "turned to an employee of his and set up that employee with his own importer's license so that employee could evade excise taxes on the [Mr. Alrahib's] behalf."  Yu Decl., Ex. K at 11:23-12:13.  Notably, Mr. Garrido is a former employee of TSI.  Yu Decl., Exs. L, M.  Mr. Alrahib also set up his own manufacturing company in Dominican Republic called FASST Holdings.  Yu Decl., Ex. K at 27:7-

29:21.  Then using FASST Holdings to manufacture tobacco products and various straw importers, Mr. Alrahib continued importing tax-evaded cigarillos and reselling them throughout the U.S.  *Id.* at 13:18-15:19, 29:5-21.

Moreover, on September 23, 2019, a second criminal complaint was filed in the Southern District of Florida against Mr. Alrahib, Case No. 1:19-cr-20664-RS ("Alrahib Witness Tampering Case") charging Mr. Alrahib with witness tampering, obstruction of justice and additional counts of tax evasion.  Yu Decl., Ex. E, Affidavit of John Siddons ¶¶ 7–22, 35.  An indictment followed on October 10, 2019.  *Id.*, Ex. F.  According to the complaint and the indictment in the Alrahib Witness Tampering Case, the Grand Jury in the Alrahib Tax Evasion Case issued two subpoenas to Mr. Garrido / IST on July 22, 2019.  *Id.*, Ex. E, Siddons Affidavit ¶ 7.  Mr. Alrahib, however, attempted to convince Mr. Garrido to avoid the subpoenas by offering to: (1) arrange for Mr. Garrido to travel to Mexico for three to six years and earn $200,000 per year operating Mr. Alrahib's business there, during which he could not return to the United States and had to avoid law enforcement; or (2) to "ride it out" with Mr. Alrahib and his lawyers.  *Id.* ¶ 20.  During an interview with government agents on August 15, 2019, Mr. Garrido detailed Mr. Alrahib's improper attempts to secure his absence.  *Id.* ¶¶ 18-22.  Given that the Alrahib Tax Evasion Case relate entirely to TSI's products at issue in the Action, Mr. Alrahib's conduct has placed evidence relevant to the Action in jeopardy as well.

The Alrahib Witness Tampering Case also revealed additional information about IST's role in Mr. Alrahib's ongoing tax evasion scheme.  Since May 2019, customs officials seized tobacco shipments from FASST Holdings to IST.  Yu Decl., Ex. E, Siddons Affidavit ¶ 9, Ex. F at 4.  According to the complaint, the shipments "appear to show a consistent pattern of excise tax evasion," and that the evidence "indicates ALRAHIB is engaged in a 'self-dealing' scheme through a straw importer—the same scheme ALRAHIB previously admitted he used to fraudulently lower the excise tax due and owing on imported cigars between 2016 and 2017."  *Id.*, Ex. E, Siddons Affidavit ¶ 13.  Moreover, according to filings in the Alrahib Tax Evasion Case, IST and TSI are "business partners."  Yu Decl., Ex. O at 5.  TSI has allegedly wired over $1.8 million to IST Brands in 2019 and other officers of TSI sent over $100,000 to IST as well.  *Id.* The precise nature of TSI's relationship with IST remains to be discovered—IST may be another straw importer supplying TSI with tax evaded cigarillo or TSI may have transferred its assets to IST, leaving TSI as a shell corporation.  Indeed, Mr. Alrahib has a history of evading tobacco

excise taxes through businesses he founded and closing them when the government starts investigating his activities. Prior to the establishment of TSI, Mr. Alrahib faced a civil forfeiture action for failing to pay excise taxes on tobacco products distributed through one of his prior businesses. *Id.* at 5. Mr. Alrahib then closed that business and launched TSI. When his illegal activities involving TSI's cigarillos was discovered at the end of 2017 by the government, Yu Decl. Ex. J at 5, he launched IST a few months later to continue evading taxes. Yu Decl. Ex. F at 3. TSI is no longer engaged in any active business. Yu Decl. ¶ 26.

All of the foregoing raises serious doubts that TSI was ever a legitimate business, much less a profitable one. Accordingly, on November 18, 2019, TSI moved the court in the Action for permission to assert two additional affirmative defenses of Illegality and Fraudulent Inducement, which the court granted. Yu Decl. ¶ 4, Ex. C at 12. The Action is currently scheduled for a new trial on December 8, 2020 and fact discovery cutoff is August 24, 2020. Yu Decl., ¶ 17, Ex. P. The court in the Action stated that the new trial will be a "complete retrial" for which Swisher must "have a fair opportunity" to take "rather liberal" discovery. Yu Decl., Ex. Q at 7:4–11.

**B.    IST's Refusal to Produce Documents Without Court Order**

On January 24, 2020, Swisher served TSI with a notice of service of the Subpoena, along with a copy of the Subpoena. Yu Decl. ¶ 19. Among other things, the Subpoena requested the production of all documents IST provided or surrendered to, or were seized by, the United States government in connection with the Alrahib Tax Evasion Case and the Alrahib Witness Tampering Case, as well as documents reflecting any statements made to the U.S. government agents concerning the facts alleged in those cases. *Id.*, Ex. R, Attach. Request Nos. 19-20. The Subpoena also called for documents and information concerning IST's relationship with TSI and FASST Holdings and IST's involvement in any unlawful arrangement to avoid federal excise taxes on cigarillos IST imported, manufactured, purchased, sold or marketed. *Id.* Request Nos. 1-12. The Subpoena commanded production of documents by February 6, 2020. *Id.* at 1. On January 28, 2020, Swisher's process server duly served Mr. Garrido, registered agent for IST, with the Subpoena. Yu Decl. ¶ 20, Ex. S.

On February 5, 2020, counsel for Mr. Garrido contacted counsel for Swisher concerning the Subpoena. Yu Decl. ¶ 21. Counsel for Swisher met and conferred with Mr. Garrido's counsel on that same day. *Id.* Mr. Garrido's counsel confirmed that she was in possession of documents that IST produced to the U.S. government in response to a Grand Jury subpoena in the Alrahib

Tax Evasion Case. *Id.* Mr. Garrido's counsel stated that she wished to contact the prosecutors in Alrahib's Tax Evasion Case to determine whether they had any objections to providing a copy of the produced documents to Swisher. *Id.* Swisher agreed to extend the deadline to respond to the Subpoena to February 17, 2020 in order to give Mr. Garrido's counsel time to confer with the government agents. *Id.*

Counsel for Swisher and Mr. Garrido had a second telephonic meet and confer on February 13, 2020. Yu Decl. ¶ 22. During that meet and confer, Mr. Garrido's counsel stated that while she spoke with the government about the subpoena, she did not inquire whether the government had any objections to IST complying with Swisher's subpoena. *Id.* Instead, Mr. Garrido's counsel stated that Mr. Garrido was disinclined to comply with the subpoena based on concerns that Mr. Alrahib or his counsel in the Action may attempt to hold him liable for producing documents responsive to the Subpoena. *Id.* Swisher's counsel explained that Mr. Alrahib has not filed any motion to quash Swisher's subpoena and that neither Mr. Alrahib nor his counsel may interfere with IST's legal obligations to comply with Swisher's subpoena. *Id.* Mr. Garrido's counsel, however, requested additional time to speak with "some people." *Id.* Swisher agreed to extend the deadline of compliance once more to February 21, 2020 and the parties agreed to resume discussions on February 19, 2020. *Id.*

On February 19, 2020, Mr. Garrido's counsel sent Swisher's counsel a letter from Mr. Garrido addressed to Mr. Alrahib and TSI's counsel in the Action purporting to resign from his position at IST. Yu Decl. ¶ 23, Ex. T. The parties then had a third and final meet and confer on that same day. Yu Decl. ¶ 24. Swisher's counsel stated that IST cannot avoid complying with Swisher's subpoena by sending a resignation letter to Swisher. *Id.* Mr. Garrido's counsel nevertheless stated that he will not be producing any documents on behalf of IST. *Id.* Swisher stated that this was not acceptable and that it would move to compel compliance with the Subpoena. *Id.* Mr. Garrido's counsel stated that she understood and would accept service of the motion on behalf of Mr. Garrido as an agent of IST. *Id.*

According to the Florida Secretary of State website, IST has not taken any action to remove Mr. Garrido as IST's officer and registered agent. Yu Decl., Ex. G. To this day, he is listed as IST's "President, VP, Secretary" and its registered agent. Yu Decl., Exs. G and H. Moreover, IST has never served any written objections to Swisher's Subpoena. Yu Decl. ¶ 25.

## III.    ARGUMENT

"The law's basic presumption is that the public is entitled to every person's evidence." *Farnsworth v. Procter & Gamble Co*., 758 F.2d 1545, 1546 (11th Cir. 1985) (citations omitted). IST has offered no valid grounds for defying this basic legal proposition and refusing to comply with Swisher's validly issued and duly served Subpoena.  Indeed, IST waived its right to object to the Subpoena by failing to serve written objections by the date of compliance specified in the Subpoena or 14 days after its service.  *See* Fed. R. Civ. P. 45(c)(2)(B); *Bailey Indus., Inc. v. CLJP, Inc*., 270 F.R.D. 662, 667 (N.D. Fla. 2010) (failure to serve written objections within the time period set forth in Rule 45(c)(2)(B) waives any objections); *Universal City Dev. Ptnrs. Ltd. v. Ride & Show Eng'g. Inc.*, 230 F.R.D. 688, 697 (M.D. Fla. 2005) ("Failure to serve written objection to a subpoena within the time specified by Fed.R.Civ.P. 45 typically waives any objections the party may have."); *McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 425-26 (D.N.J. 2004) ("[I]n order to preserve its right to object to a subpoena, a non-party must serve written objection within 14 days after service of the subpoena."); *cf. Wang v. Hsu*, 919 F.2d 130, 131 (10th Cir. 1990) (nonparty's motion for protective order properly denied for failure to file objection within the time permitted by the Federal Rules).  IST's failure is all the more egregious given that Swisher has extended the time period by which to comply with the Subpoena ***twice*** to accommodate IST. Rather than locating and producing documents responsive to the Subpoena, Mr. Garrido has taken the courtesy extended by Swisher to serve a resignation letter (even though he is still listed as IST's registered agent and officer on Florida Secretary of State's website) and stonewalled Swisher's discovery efforts.

Nor could there be any valid objections to Swisher's Subpoena.  The documents called for by the Subpoena are undeniably relevant to the Action.  Among other things, the Subpoena seeks documents that are relevant to TSI's claims of injury and damages, which include future profits extending to 2019 and beyond; Mr. Alrahib's efforts to tamper with evidence potentially relevant to the Action; Mr. Alrahib's credibility; Swisher's affirmative defenses; and TSI's fraud on the court, which TSI is still seeking to challenge.  Indeed, the court in the Action has already held that Mr. Alrahib's tax evasion is material to the Action and ordered liberal discovery for the new trial. Moreover, documents responsive to Swisher's subpoena are indisputably within IST's control, as they are currently in the possession of Mr. Garrido's counsel.  *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc*., No. CV 15-638, 2017 WL 2267149, at *3 (E.D. La. May 24, 2017) ("Because a

corporation or other business entity may act only through the persons connected with it, possession, custody or control includes that exercised by the party's employees, agents and managers."); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) (stating that a "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control"). Indeed, IST has produced documents in response to the government's subpoena through Mr. Garrido's counsel. At a minimum, IST should immediately produce the documents that Mr. Garrido's counsel has already collected and produced to the government, which she confirmed that she continues to maintain.

Under Rule 37(a)(2) and 45(d)(2)(B)(i), this Court may issue an order compelling IST to comply with Swisher's Subpoena. Fed. R. Civ. P. 37(a)(2), 45(d)(2)(B)(i). Moreover, under Rule 45(g) of the Federal Rules of Civil Procedure, this Court may hold IST in contempt for its failure to comply with the Subpoena without an "adequate excuse." Fed. R. Civ. P. 45(g). Whatever is driving Mr. Garrido's apprehension about retaliation from Mr. Alrahib, that cannot be an adequate excuse relieving IST from its legal obligations. TSI's counsel, who also represents Mr. Alrahib in the Action, was notified of the Subpoena, but neither TSI nor Mr. Alrahib has made any attempts to quash the subpoena or seek a protective order (nor would such motion be successful here). Swisher is not aware of any authority holding that an entity may refuse to comply with a Subpoena based on claims that its owner may possibly sue its officer and agent for complying with its legal duty. Accordingly, Swisher respectfully requests that the Court enter an Order compelling IST to comply with the Subpoena within ten (10) days of its Order, including by producing responsive documents in the custody of Mr. Garrido's counsel, and any such other and further relief as this Court deems just and appropriate.

## IV.   CERTIFICATE OF GOOD FAITH CONFERENCE

In compliance with the Local Rule 7.1(a)(3), counsel for Swisher conferred with counsel for Mr. Garrido, the President and registered agent for IST Brands, on February 5, 2020, February 13, 2020, and February 19, 2020 in a good faith effort to resolve the issues raised in this motion, but the parties have not been able to reach any resolution. Yu Decl. ¶¶ 21-24.

Dated: March 9, 2020                    Respectfully submitted,

By:    _____/s/ Ryan Roman_____

MICHAEL MARSH
Florida Bar No. 0072796
michael.marsh@akerman.com
RYAN A. ROMAN
Florida Bar No.: 0025509
ryan.roman@akerman.com
AKERMAN LLP
One Southeast Third Ave.
25th Floor
Miami, FL 33131
Main: (305) 374-5600
Fax: (305) 349-4656

*Attorneys for Swisher International, Inc..*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of March, 2020, I caused the foregoing document to be

served on the following via email:

Lily Sanchez
L S Law Firm
Four Seasons Tower – Suite 1200
1441 Brickell Avenue
Miami, Florida 33131
E-mail: lsanchez@thelsfirm.com

*Attorney for Jason Garrido.*

Mark W Poe
GAW POE LLP
4 Embarcadero Center Suite 1400
San Francisco, CA 94111
E-mail: mpoe@gawpoe.com

Randolph Gaw
GAW POE LLP
4 Embarcadero Center Suite 1400
San Francisco, CA 94111
E-mail: rgaw@gawpoe.com

Samuel Song
GAW POE LLP
4 Embarcadero Center Suite 1400
San Francisco, CA 94111
E-mail: ssong@gawpoe.com

Victor Meng
GAW POE LLP
4 Embarcadero Center Suite 1400
San Francisco, CA 94111
E-mail: vmeng@gawpoe.com

*Attorneys for Plaintiffs.*